# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TWO PLUS TWO PUBLISHING, LLC,

    Plaintiff,

v.

JACKNAMES.COM and RUSSELL AARON BOYD, *et al*.,

    Defendants.

Case No. 2:09-CV-002318-KJD-LRL

**ORDER**

    Presently before the Court is Defendant/Counterclaimant Russell Aaron Boyd's Motion to Dismiss (#10). Plaintiff filed a response in opposition (#13) to which Defendant replied (#15). Also before the Court is Plaintiff/Counterdefendant Two Plus Two Publishing's Motion to Dismiss Counterclaim (#11). Defendant Boyd filed a response in opposition (#14) to which Plaintiff replied (#16).

I.  Background

    Plaintiff/Counter Defendant Two Plus Two Publishing ("Plaintiff") is the owner of Two Plus Two Publishing Company and the sole member of Two Plus Two Interactive, LLC which is the owner and operator of Two Plus Two Forums online forums and poker information community ("the Forums"). Plaintiff has continuously used the trademarks TWO PLUS TWO, 2+2, 2+2=4, TWO

PLUS TWO PUBLISHING, and TWO PLUS TWO FORUMS ("the Marks") in connection and advertising and promoting its Forums and publications. Plaintiff asserts the Marks are among the most recognized and respected names in poker theory and gaming related publishing and internet communities. Consumers of Plaintiff's publications buy substantial numbers of books through its website and Forums.

On July 14, 2004, Defendants registered the <twoplustwopoker.com> domain name to an active internet site providing information and links to poker strategy and various online gaming services that compete with those provided by Plaintiff. On December 9, 2009, Plaintiff filed the present complaint against Defendants for violations of the Anti-Cybersquatting Protection Act, trademark infringement, unfair competition, deceptive trade practices and intentional interference with prospective economic advantage. On January 12, 2010, Defendants filed an answer and counterclaims for defamation, defamation per se, intentional infliction of emotional distress, intentional interference with prospective economic advantage and abuse of process. Now both parties have moved to dismiss the claims asserted against them.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Boyd's Motion to Dismiss

Defendant/Counterclaimant Russell Aaron Boyd ("Boyd") moves to dismiss Plaintiff's complaint under the equitable doctrine of laches. See Boone v. Mech. Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979)(laches is a time limitation on a party's right to bring suit, resting on the maxim "that one who seeks the help of a court of equity must not sleep on his rights")(quoting Piper Aircraft Corp. v. Wag-Aero, Inc., 741 F.2d 925, 939 (7th Cir. 1984)). "It is well established that laches is a valid defense to Lanham Act claims[.]" Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002). "While laches and the statute of limitations are distinct defenses, a laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." Id. The relevant statute of limitations period in Nevada is four years. See NRS § 11.190(2).

As the party asserting laches, Boyd must demonstrate that (1) Plaintiff's delay in filing suit was unreasonable, and (2) Defendants would suffer prejudice caused by the delay if the suit were to continue. See Jarrow, 304 F.3d at 838. A determination of whether a party exercised unreasonable delay in filing suit consists of two steps. Id. First, the court assesses the length of the delay which is measured from the time plaintiff knew or should have known about its potential cause of action. Id. Second, the court decides whether the delay was reasonable. Id.

Boyd asserts that Plaintiff should have known of his registration of the domain name <twoplustwopoker.com> on or about the date he registered it, July 14, 2004. Plaintiff asserts that it

3

1  did not discover Plaintiff's infringing registration until July 2009.  Boyd has not asserted any facts,
2  other than the domain name's use on the world wide web, that demonstrate that Plaintiff should have
3  discovered the infringing action earlier.  Since Plaintiff actually discovered the domain registration in
4  July 2009, and filed this action in December 2009, the length of the delay is five months which is
5  well within the limitations period.  Accordingly, a strong presumption arises that laches does not
6  apply.  Since a five month delay, which included settlement attempts, is not unreasonable, the Court
7  denies Boyd's motion to dismiss.
8       Plaintiff suggests that Boyd is improperly representing jacknames.com.  See Rowland v. Cal.
9  Men's Colony, 506 U.S. 194, 202 (1993)(corporations, partnerships, associations, or any artificial
10 entity can only appear in federal court through a licensed attorney).  However, Boyd avers that
11 jacknames.com is merely an alter ego for himself.  Accordingly, he is not barred from representing
12 himself.  See id. at 201-202.
13 IV.  Plaintiff's Motion to Dismiss Counterclaims
14      A.  Counterclaims for Defamation and Intentional Infliction of Emotional Distress
15      In his counterclaim, Boyd asserts causes of action for defamation, defamation per se,
16 intentional infliction of emotional distress, intentional interference with prospective economic
17 advantage and abuse of process.  Boyd's causes of action for defamation and intentional infliction of
18 emotional distress are based on his assertion that users of Plaintiff's forums made defamatory
19 comments regarding Boyd and, by providing the online forums the comments were made in, Plaintiff
20 republished the defamatory statements and intentionally caused Boyd severe emotional distress.
21      Plaintiff incorrectly argues that the Digital Millenium Copyright Act ("DMCA") provides a
22 safe harbor provision for internet content providers and Plaintiff is essentially immune from suit on
23 these causes of action.  The DMCA only covers alleged acts of copyright infringement, not the
24 defamatory statements at issue here.  See 17 U.S.C. § 512(a)-(d).  However, Plaintiff does correctly
25 assert that the Communication Decency Act ("CDA") does provide safe harbor to Plaintiff.  See 47
26 U.S.C. § 230(c)(1) ("[n]o provider or user of an interactive computer service shall be treated as the

4

publisher or speaker of any information provided by another information content provider"). "Through this provision, Congress granted most Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party." Carafano v. Metrosplash.com. Inc., 339 F.3d 1119, 1122 (9th Cir. 2003).  In this case, Boyd has alleged that the content was provided by unnamed parties on the Forums.  Therefore, Plaintiff is immune from liability for Boyd's causes of action for defamation and intentional infliction of emotional distress. See Id. at 1123-25.

### B.  Counterclaim for Intentional Interference with Prospective Economic Advantage

In order to establish a claim for interference with prospective economic advantage in Nevada, a plaintiff must establish the following elements: 1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing this relationship; 4) the absence of privilege or justification by the defendant; and 5) actual harm to the plaintiff as a result.  See Leavitt v. Leisure Sports Inc., 734 P.2d 1221, 1225 (Nev. 1987).  Privilege or justification can exist when defendant acts to protect his own interests. Id. at 1226.

In this action, Boyd has failed to allege a specific contractual relationship between himself and a third party and that Plaintiff had knowledge of this relationship.  Accordingly, Boyd's claim must be dismissed.

### C.  Counterclaim for Abuse of Process

The elements of an abuse of process claim are "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." LaMantia, 118 Nev. at 30 (internal citations omitted). However, the "mere filing of the complaint is insufficient to establish the tort of abuse of process." Laxalt v. McClatchy, 622 F. Supp. 737, 752 (D. Nevada 1985).  Here, Boyd has alleged an ulterior purpose, but has not alleged any willful action in the use of the legal process, other than the filing of the complaint.  Accordingly, Boyd's claim for abuse of process is dismissed.

## V.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant/Counterclaimant Russell Aaron Boyd's Motion to Dismiss (#10) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff/Counterdefendant Two Plus Two Publishing's Motion to Dismiss Counterclaims (#11) is **GRANTED**.

DATED this 30th day of September 2010.

_____
Kent J. Dawson
United States District Judge